**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 97-1682**

———————

JOSEPH M. WILLIAMS, JR.,

Plaintiff - Appellant,

versus

ENCOMPASS; CSX CORPORATION; AMR SERVICES
CORPORATION,

Defendants - Appellees.

———————

**No. 97-1979**

———————

JOSEPH M. WILLIAMS, JR.,

Plaintiff - Appellant,

versus

ENCOMPASS; CSX CORPORATION; AMR SERVICES
CORPORATION,

Defendants - Appellees.

———————

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (CA-96-563-5-BR)

———————

Submitted:  September 30, 1998      Decided:  November 10, 1998

Before ERVIN and MURNAGHAN, Circuit Judges, and HALL, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Joseph M. Williams, Jr., Appellant Pro Se.  Andrew Bruce Cohen, Agnes Maria Schipper, MOORE & VAN ALLEN, Durham, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Joseph M. Williams, Jr., appeals from the district court's order denying his motion for an extension of time for service and motion to additional discovery,[*] and the court's order granting Encompass' motion for summary judgment and dismissing Williams' claims of age discrimination and retaliatory discharge. We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we affirm on the reasoning of the district court. Williams v. Encompass, No. CA-96-563-5-BR (E.D.N.C. Apr. 30 & June 20, 1997). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

                                                          AFFIRMED

---

[*] Although Williams' appeal as to the district court's order disposing of these claims was interlocutory at the time of filing, the district court's entry of judgment prior to consideration of the appeal confers jurisdiction on this court under the doctrine of cumulative finality. See Equipment Fin. Group, Inc. v. Traverse Computer Brokers, 973 F.2d 345, 347 (4th Cir. 1992).